UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                    CASE NO.: 16-11419-BKC-RAM
                                                                          Chapter 7
**LEONEL MORALES**
SSN: XXX-XX-3394
            Debtor(s).            /

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF DEBTOR'S NON-<u>EXEMPT ASSETS AND (B) TURNOVER OF DEBTOR'S VEHICLE</u>**

> **Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Leonel Morales (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files this Motion to Approve Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtor's Non-Exempt Assets and (B) Turnover of Debtor's Vehicle (the "Motion"), and in support thereof, states as follows:

### I.    Background

1.    This case commenced with the filing of a voluntary Chapter 7 Petition on January 29, 2016.  Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2.    The Trustee has evaluated the Debtor's property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtor is in the best interests of the Estate.  The details of the analysis and agreement are set forth in the Stipulation for Compromise and Settlement Regarding (A) Valuation and

Repurchase of Debtor's Non-Exempt Assets and (B) Turnover of Debtor's Vehicle, attached hereto as Exhibit "A."

3. The Stipulation provides for the repurchase of Debtor's non-exempt assets (the "Settlement").

4. Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtor's non-exempt property and resolution of the other matters set forth in the Stipulation.

5. The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## II.　Legal Standard for Settlement

6. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185,

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, <u>inter alia</u>, relief without a hearing for motions to approve settlement.

2

TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

<>CASE NO.: 16-11419-BKC-RAM

189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

8. The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

9. According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    (a)    the probability of success in the litigation;

    (b)    the difficulties, if any, to be encountered in the matter of collection;

    (c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    (d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10. The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

11. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Leonel Morales, respectfully requests this Honorable Court enter an Order (1) granting the instant Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on June 10, 2016, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

    Respectfully submitted,

    /s/ Jessika A. Graham
    Jessika A. Graham
    Fla. Bar No. 72452
    Joel L. Tabas
    Florida Bar No. 516902
    Tabas, Freedman & Soloff, P.A.
    Attorneys for the Chapter 7 Trustee
    14 Northeast First Avenue - Penthouse
    Miami, Florida 33132
    Telephone: (305) 375-8171
    Telefax: (305) 381-7708
    JTabas@tabasfreedman.com

4

Tabas, Freedman & Soloff, P.A. · One Flagler Building, 14 Northeast First Avenue, Penthouse, Miami, Florida 33132 · (305) 375-8171

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              CASE NO.: 16-11419-BKC-RAM
                                                    Chapter 7
**LEONEL MORALES**
SSN: XXX-XX-3394
_____Debtor(s)._____/

## STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS AND (B) TURNOVER OF DEBTOR'S VEHICLE

Joel L. Tabas, as Chapter 7 Trustee, and the Debtor(s), Leonel Morales (the "Debtor"), enter into this Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtor's Non-Exempt Assets and (B) Turnover of Debtor's Vehicle (the "Stipulation"). The Trustee and the Debtor agree upon the following terms and conditions:

1. This case commenced with the filing of a voluntary Chapter 7 Petition on January 29, 2016. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2. The Schedules list certain property (collectively, the "Scheduled Property"). In addition, the Debtor may receive a Federal Income Tax Refund for the period through the Petition Date (the "Refund") (the Scheduled Property and the Refund shall be collectively referred to as the "Property").

3. The Debtor has claimed a portion of the Property as exempt.

4. Based on a review of the documents provided and other salient information, the Trustee asserts that a portion of the Property may be undervalued.

5. The Debtor disputes certain aspects of the Trustee's analysis.

### THE SETTLEMENT

6. The Trustee and the Debtor agree to (a) compromise the valuation and repurchase of the non-exempt interest in the Property for $5,000.00 (the "Settlement Amount")

Initials

EXHIBIT A

and (b) turnover of the 2007 Dodge Sprinter (the "Vehicle"). The Trustee has already received or collected $0.00 which is to be applied to the Settlement Amount.

7.  The $1,000.00 vehicle exemption permitted pursuant to Fla. Stat. § 222.25(1) was contemplated in the negotiation of this Settlement Agreement, therefore the Debtors agree that any sums obtained from the liquidation of the Vehicle is property of the Estate and the Debtor is not entitled to any portion thereof.

8.  The Debtor agrees to surrender the Vehicle and the original title within five (5) days of execution of this Stipulation Agreement to the entity and location specified by the Trustee.

9.  The Trustee and the Debtor agree that the Settlement Amount provides for the repurchase of the Debtor's interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| 2005 Dodge Sprinter | 26.32% | $ 1,316.12 |
| HHG | 15.17% | $ 758.26 |
| Clothing | 0.54% | $ 27.08 |
| Jewelry | 0.45% | $ 22.57 |
| Cash | 0.18% | $ 9.03 |
| Bank Accounts | 14.44% | $ 722.15 |
| Tax Refund | 42.90% | $ 2,144.79 |

10. The Trustee and the Debtor agree that the Settlement Amount shall be paid in five (5) consecutive monthly installments of $1,020.00 each month, with the first payment to be made on or before July 1, 2016 and each subsequent payment due on the same day each month thereafter until a total amount of $5,100.00 is paid in full by December 1, 2016. This amount includes an additional fee of $20.00 per month, which represents the anticipated bank fees and administrative expenses incurred by the Estate during the pendency of the repayment term.

11. Each payment shall be in the form of a money order or cashier's check, made payable to "Joel L. Tabas, Trustee, for the Estate of Leonel Morales , Case No.: 16-11419-BKC

Initials

2

CASE NO.: 16-11419-BKC-RAM

RAM," and shall be delivered to Joel L. Tabas, Trustee, at 14 N.E. First Avenue, Penthouse, Miami, Florida 33132.

## OTHER TERMS AND CONDITIONS

12. As security for the complete and timely payment of the Settlement Amount, the Debtor hereby pledges and grants to the Trustee a security interest encumbering the 2005 Dodge Sprinter (the "Lien"). The Debtor agrees to pay all necessary fees to perfect the Lien. The Debtor also represents and warrants that he/she has full authority to grant the Lien on 2005 Dodge Sprinter.

13. The Debtor agrees to provide an $82.75 money order or cashier's check made payable to "Sweetwater Auto Tag Agency, Inc." to the Trustee, along with an executed copy of this Stipulation.

14. With regard to the repurchase of the Debtor's non-exempt interest in the vehicle included in the Property, the Debtor agrees to: (i) maintain full liability and property damage insurance on all vehicle until such time as the Settlement Amount is paid in full; and (ii) name Joel L. Tabas, Trustee as loss payee and additional insured on the insurance policy for the vehicle and to provide the Trustee with a Certificate of Insurance evidencing coverage, within 10 days of execution of this stipulation. The Debtor further agrees that upon the lapse of said policy, the Debtor shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy.

15. The Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions. To the extent that the Debtor has failed to disclose any

Initials

3

assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

16. In the event that the Debtor fails to comply with the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

17. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

18. This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

19. This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

SIGNATURES ON FOLLOWING PAGE

Initials

4

CASE NO.: 16-11419-BKC-RAM

Initials

5

Dated this _8_ day of June, 2016.

_____
Leonel Morales
4444 NW 179 TERR
Miami, FL 33055-3342

Dated this _9_ day of June, 2016.

_____
for
Robert Sanchez, Esq.
355 W 49 St
Miami, FL 33012

Dated this _10_ day of June, 2016.

_____
Joel L. Tabas, Trustee
14 N.E. First Avenue, Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708

_____
Initials

6

CASE NO.: 16-11419-BKC-RAM

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:  　　　　　　　　　　　　　　　　CASE NO.: 16-11419-BKC-RAM
　　　　　　　　　　　　　　　　　　　　　Chapter 7
**LEONEL MORALES**
SSN: XXX-XX-3394

　　　　Debtor(s).　　　　　/

### [PROPOSED]
### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS AND (B) TURNOVER OF DEBTOR'S VEHICLE

**THIS CAUSE** having come before the Court upon Joel L. Tabas, Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtor's Non-Exempt Assets and (B) Turnover of Debtor's Vehicle (the "Motion"), and the Court, having reviewed the Motion, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this Estate, finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, and the movant, by

2


EXHIBIT B

submitting this form of order, having represented that the motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion, it is

**ORDERED** as follows:

1. The Motion is granted.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion, and as follows:

The Trustee and the Debtor agree that the Settlement Amount provides for the repurchase of the Debtor's interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| 2005 Dodge Sprinter | 26.32% | $ 1,316.12 |
| HHG | 15.17% | $ 758.26 |
| Clothing | 0.54% | $ 27.08 |
| Jewelry | 0.45% | $ 22.57 |
| Cash | 0.18% | $ 9.03 |
| Bank Accounts | 14.44% | $ 722.15 |
| Tax Refund | 42.90% | $ 2,144.79 |

The Trustee and the Debtor agree that the Settlement Amount shall be paid in five (5) consecutive monthly installments of $1,020.00 each month, with the first payment to be made on or before July 1, 2016 and each subsequent payment due on the same day each month thereafter until a total amount of $5,100.00 is paid in full by December 1, 2016. This amount includes an additional fee of $20.00 per month, which represents the anticipated bank fees and administrative expenses incurred by the Estate during the pendency of the repayment term.[1]

As security for the complete and timely payment of the Settlement Amount, the Debtor hereby pledges and grants to the Trustee a security interest encumbering the 2005 Dodge Sprinter (the "Lien"). The Debtor agrees to pay all necessary

---

[1] In the event that the Debtor pays the total amount due earlier than scheduled, the Trustee shall upload an amended order to reflect the revised amount to be collected by the Estate, deducting any unincurred bank fees.

fees to perfect the Lien. The Debtor also represents and warrants that he/she has full authority to grant the Lien on 2005 Dodge Sprinter.

The Debtor agrees to provide an $82.75 money order or cashier's check made payable to "Sweetwater Auto Tag Agency, Inc." to the Trustee, along with an executed copy of this Stipulation.

The $1,000.00 vehicle exemption permitted pursuant to Fla. Stat. § 222.25(1) was contemplated in the negotiation of this Settlement Agreement, therefore the Debtors agree that any sums obtained from the liquidation of the Vehicle is property of the Estate and the Debtor is not entitled to any portion thereof.

The Debtor agrees to surrender the Vehicle (as defined in the Stipulation) and the original title within five (5) days of execution of this Stipulation Agreement to the entity and location specified by the Trustee.

3.  The Court authorizes the Trustee to place a lien on 2005 Dodge Sprinter in accordance with the Stipulation agreement between the Debtor and the Trustee.

4.  The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms thereof.

# # #

Submitted by:

Joel L. Tabas
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
One Flagler Building
14 N.E. First Avenue, Penthouse
Miami, Florida  33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
joel@tabasfreedman.com

Copy furnished to:

Joel L. Tabas
Joel L. Tabas, Esq. shall serve copies of this Order on all interested parties and file a certificate of service.

4

16-11419-RAM
FirstBank Puerto Rico d/b/a FirstBank Florid
9700 South Dixie Highway, Suite 1000
Miami, FL 33156-2863

16-11419-RAM
ARS Account Resolutions
1643 Harrison Parkway
Sunrise, FL 33323-2857

16-11419-RAM
Ana Mederos Calles
17910 NW 48th Ct.
Opa Locka, FL 33055-3212

16-11419-RAM
Cap One
Po Box 19360
Portland, OR 97280-0360

16-11419-RAM
Capital One
Po Box 30253
Salt Lake City, UT 84130-0253

16-11419-RAM
Cbna
Po Box 6497
Sioux Falls, SD 57117-6497

16-11419-RAM
Central Finl Control
Po Box 66044
Anaheim, CA 92816-6044

16-11419-RAM
Credit One Bank Na
Po Box 98875
Las Vegas, NV 89193-8875

16-11419-RAM
Finger Hut
6250 Ridgewood Road
Saint Cloud, MN 56303-0820

16-11419-RAM
First Bank of Florida
9795 S Dixie Hwy
Miami, FL 33156-2806

16-11419-RAM
First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104-4868

16-11419-RAM
Firstbank Florida
9795 S Dixie Hwy
Miami, FL 33156-2806

16-11419-RAM
Gulf Coast Collection
5630 Marquesas Cir
Sarasota, FL 34233-3331

16-11419-RAM
Hccredit/Feb
203 E Emma Ave Ste A
Springdale, AR 72764-4625

16-11419-RAM
I C System Inc
Po Box 64378
Saint Paul, MN 55164-0378

16-11419-RAM
JC Penney
POB 965007
Orlando, FL 32896-5007

16-11419-RAM
Mcydsnb
9111 Duke Blvd
Mason, OH 45040-8999

16-11419-RAM
Midland Funding
2365 Northside Dr Ste 30
San Diego, CA 92108-2709

16-11419-RAM
Midland Funding, LLC
c/o Amanda R Duffy, Esq.
POB 290335
Tampa, FL 33687-0335

16-11419-RAM
Nhhelc/Gsm&R
Po Box 3420
Concord, NH 03302-3420

16-11419-RAM
Onemain
Po Box 499
Hanover, MD 21076-0499

16-11419-RAM
Sam's Club
P.O. BOX 965005
Orlando, FL 32896-5005

16-11419-RAM
Space Coast Credit Uni
8045 N Wickham Rd
Melbourne, FL 32940-7920

16-11419-RAM
Syncb/Jcp
Po Box 965007
Orlando, FL 32896-5007

16-11419-RAM
Syncb/Sams Club
Po Box 965005
Orlando, FL 32896-5005

16-11419-RAM
Syncb/Tjx Cos
Po Box 965005
Orlando, FL 32896-5005

16-11419-RAM
Syncb/Walmar
Po Box 965024
El Paso, TX 79998

16-11419-RAM
TJX
P.O. BOX 965005
Orlando, FL 32896-5005

16-11419-RAM
The Home Depot
POB 6497
Sioux Falls, SD 57117-6497

16-11419-RAM
Tidewater Credit Servi
6520 Indian River Rd
Virginia Beach, VA 23464-3439

16-11419-RAM
Tidewater Finance Company
2775 Sunny Isles Boulevard, Suite 100
North Miami Beach, FL 33160-4078

16-11419-RAM
Tsi/969
Pob 7100
Dublin, OH 43017-0704

16-11419-RAM
Us Dep Ed
Po Box 5609
Greenville, TX 75403-5609

16-11419-RAM
Webbank/Fingerhut
6250 Ridgewood Rd
Saint Cloud, MN 56303-0820

16-11419-RAM
Wells Fargo Dealer Services
P.O. Box 25341
Santa Ana, CA 92799-5341

16-11419-RAM
Wfds
Po Box 1697
Winterville, NC 28590-1697

16-11419-RAM
World Omni
Po Box 91614
Mobile, AL 36691-1614

16-11419-RAM
Leonel Morales
444 NW 179 Terr
Miami Gardens, FL 33055-3342